(Superior Court of Cincinnati )
Special Term, 1898.

JOHN J. BRADY v. TILDEN R. FRENCH, TREASURER OF HAMILTON COUNTY, OHIO.

---

(1). The authority reposed in the county commissioners by section 2858, R. S., to authorize the county treasurer to employ collectors of delinquent taxes upon personal property, permits the treasurer to appoint as many collectors as he sees fit, and a petition to prevent a treasurer from appointing an additional collector therefore does not state facts sufficient to constitute a cause of action.

(2). Whether in case the commissioners have limited the number of collectors to be employed, and the treasurer seeks to employ a greater number, the remedy is to enjoin the treasurer from making such additional appointments.—Quaere?

(3). Such an employment of a collector is an employment by the treasurer, and not by the county commissioners, and the one so employed is a deputy treasurer.

(4). The employment of a collector by the treasurer for a period of two years does not bind the successor of the treasurer·

making the appointment, but the appointment expires necessarily with the power that gave it. The appointee assumes the peril of the death of the treasurer appointing him, and the law affords him no remedy.

———

SMITH, J.

The questions in this case arise by a demurrer to the petition; and the material facts, as they appear from the petition, are as follows:

In November, 1897, John C. Roth was elected treasurer of Hamilton county, and entered upon the discharge of the duties of his office in September, 1898. In October, 1898, by virtue of a resolution of the commissioners of Hamilton county, the said John C. Roth treasurer, entered into a contract with John J. Brady, the plaintiff, by which the said Brady was employed as a collector of delinquent taxes for personal property in Hamilton county. A copy of the contract is not set out in the petition nor annexed to it, but its terms are alleged to be that it was to continue for a period of two years from its date, and that the plaintiff "should receive, as compensation, an amount not exceeding twenty-five per cent. of the amount collected by him on such delinquent personal taxes in said county; that in no event was he to receive more than five thousand ($5,000) dollars per year during said employment; and that out of the moneys that were to be paid to him up to and not exceeding said sum of five thousand dollars, the said plaintiff was to pay all of the expenses incurred by him, incidental to the collection of such taxes, including all counsel fees."

It further appears that immediately after the making of the contract the plaintiff entered upon the discharge of the duties of his position, and that up to the time of the acts of the defendant complained of continued in the discharge of the same.

On November 12, 1898, John C. Roth died; and on the 25th of November the personal representative of John C. Roth turned over the office of county treasurer, including all duplicates in the same, to Tilden R. French, who had been duly appointed by the commissioners of the county as the successor of John C. Roth.

It is further alleged that the plaintiff employed clerks and sent out notices to all persons appearing delinquent for unpaid taxes upon personal property, requesting them to call upon him at his office, which had been provided for him by the county treasurer in the office of said treasurer, and make payment of said taxes; and that in pursuance of such notices a large number of such persons have paid to plaintiff the amount of personal taxes for which they were delinquent, and others are daily coming to the county treasurer's office desiring to pay to plaintiff the taxes due from them.

The petition then concludes with the following complaint and prayer:

"That the said Tilden R. French, as treasurer of Hamilton county, Ohio, now refuses to permit this plaintiff to perform the duties under the contract of employment heretofore mentioned, and for which he has a contract, as above stated, and refuses to turn over to him the duplicates for the delinquent personal taxes above referred to, and refuses to permit him to perform any duties or collect any money or taxes due to him as such delinquent tax collector upon said duplicates for delinquent personal taxes of Hamilton county, Ohio; that by this refusal the plaintiff will suffer an irreparable injury if the said defendant, Tilden R. French, as treasurer of Hamilton county, Ohio, is permitted to refuse to turn over said duplicates and to refuse to permit him to carry out his contract; that the said Tilden R. French threatens to, and will, unless he is enjoined, appoint and employ some other person to collect such taxes and to perform the duties in regard to the same that the plaintiff has attempted to perform and is entitled to perform."

"Wherefore the plaintiff prays that upon the final hearing of this action the said Tilden R. French, as treasurer of Hamilton county, may be enjoined until the termination of said contract from in any way interfering with the plaintiff in the performance of his duties under said contract, or to employ any one else to do the same,

and may be directed to turn over to him the duplicates for the delinquent personal taxes of said Hamilton county, and for all other and further relief that he may be entitled to in the premises."

The appointment of the plaintiff was made by authority of sec. 2858 of the Revised Statutes, which reads as follows:

"The county commissioners shall at their September session annually cause the list of persons delinquent in the payment on personal property to be publicly read; and they may at any time, if they deem the same necessary, authorize the treasurer to employ collectors to collect the same or any part thereof, prescribing the compensation of such collectors, which shall be paid out of the county treasury. And all such allowances shall be apportioned ratably by the county auditor among all the funds entitled to share in the distribution of such taxes."

It will be observed that the authority with which the commissioners may invest the treasurer is the authority to employ collectors; and as it is not alleged in the petition that the commissioners (conceding for the sake of argument that they have such power) have limited the treasurer to the appointment of a single collector; and as it is not alleged that the contract of plaintiff with John C. Roth, treasurer, seeks to give the plaintiff an exclusive right to act as collector, it necessarily follows that Mr. Roth would have had the right to employ as many collectors as he saw fit to employ, and that his successor, Mr. French, has the same right; and therefore the petition, so far as it seeks to prevent the appointment or the acting of any additional collector, does not state facts sufficient to constitute a cause of action.

Whether in case Mr. French had no authority to contract for the appointment of an additional collector, the writ of injunction would go out against him to prevent his making such appointment; or whether the proper proceeding would be to enjoin the treasurer and the appointee from acting under such contract after the appointment was made, is a question not raised in this case, and I therefore express no opinion upon it.

It having been determined then that Mr. French has the right to appoint an additional collector or collectors, the remaining question in the case is whether he has the right to revoke the appointment of Mr. Brady.

The contention of the counsel for Mr. Brady is that the contract made by him with John C. Roth was made with the latter in his character as treasurer and that it binds the office of treasurer for a period of two years from October, 1898; and that a mere change in the person filling the office of treasurer can, in no way, be made to operate so as to affect the validity of the contract as an existing contract.

The contract was undoubtedly made with Mr. Roth, as county treasurer, and not with him individually. But this contention does not necessarily involve an admission that the contract is binding upon the successor of Mr. Roth. For the question still remains—What power had Mr. Roth, as treasurer, to make a contract which was binding upon his successors? Indeed the question still remains—What power had Mr. Roth, as treasurer, to enter into a contract which so tied his own hands with respect to the collection of taxes that he could not at pleasure terminate the same?

This latter question, however, is not necessarily involved in this case, and I pass it without any expression of opinion upon it, and proceed at once to the remaining question.—What power had Mr. Roth, as treasurer, by his contract with Mr. Brady, to bind his successor, Mr. French?

In support of the position that Mr. Roth had such power, the contention is that the employment of the collector is the employment of the commissioners, and that the collector thus becomes the agent of Hamilton county and not a deputy of the treasurer; and that as the collector does not represent the treasurer, when once a contract of employment has been made with a collector, no treasurer has the right to terminate it.

If the law had intended that the

employment of the collector was to be considered as an employment by the commissioners, it is strange that the power of the commissioners to make the employment should be so circumscribed that they can neither make the employment themselves nor compel the treasurer to make it for them; because, by the statute, their power is confined to authorizing the treasurer to employ and to prescribing the compensation which shall be paid out of the county treasury.

Yet, notwithstanding this inability of the county commissioners to employ or to compel any one to employ for them, it is still possible that the employment which they may authorize but can not compel the treasurer to make, may when made be the employment of the commissioners, and not that of the treasurer who makes the employment: but, at least, the burden of proof would seem to be upon those who assert this proposition. And this is especially true in view of the fact that if the collector when appointed is the agent of the commissioners, and not of the treasurer, the law makes no provision for the giving of bond by such collector; and the collector then stands forth alone among all persons who, under the statutes of Ohio, may have the handling of money without any express legislation with respect to him which either requires him to give bond or empowers his employers to require him to give bond.

But it may be urged that the absence of express legislation upon the subject would not prevent the commissioners from making the giving of the bond a condition precedent to the acceptance of the appointment. Possibly.this is true, although the question would not be free from doubt for the position of this officer would still remain anomalous for the reason that there was no express legislation on the subject.

But there is another and weightier consideration which would seem to militate against the construction which makes the collector the agent of the commissioners. The commissioners themselves have no power to collect a dollar of taxes, yet it would be contended they have the power to employ a collector to do for them what they have no power to do for themselves. Such an agency, I am quite sure, would be without a parallel either with respect to private persons or public officials.

The solution of this question can best be had by a consideration of the obligations which rest upon the person filling the office of county treasurer.

The duty of the county treasurer is purely that of a collector and disburser of the public moneys. He has no part in the levying of taxes, and no power to expend any of the same except that in certain counties, of which the county of Hamilton is one, he has the power to pay his deputies or clerks out of the money received by him. In other counties such deputies are paid from the fees of his office, to which by virtue of filling the office he becomes entitled.

To ensure faithful discharge of his duties the treasurer is compelled to enter into a bond to the acceptance of the county commissioners (secs. 1080 and 1083), which bond in Hamilton county has been fixed at $1,000,000.

To assist the treasurer in the discharge of his duties it is necessary that he shall have assistants, who are generally denominated deputies or clerks. These assistants, as is proper and necessary, hold only subject to his pleasure. For any defalcation on the part of such assistants the treasurer is liable upon his bond, and to protect himself the law has given him the power to require such assistants to give bond to him. The statutes which grant such powers and impose such obligations upon him are designated as sec. 1089 and sec. 9 of the Rev. Stats. and read as follows:

"Sec. 1089. Each county treasurer may appoint one or more deputies; and he shall in all cases be liable and accountable for the proceedings and misconduct in office of his deputies.

"Sec. 9. A deputy or clerk appointed in pursuance of law shall hold the appointment only during the pleasure of the officer appointing him; and the principal may take from his

deputy or clerk a bond with sureties, conditioned for the faithful performance of the duties of the appointment; but in all cases the principal is answerable for the neglect or misconduct of his deputy or clerk."

As has been previously stated, in all but certain excepted counties the treasurer is compelled to pay all his deputies out of the fees of his office, what remains from such fees belonging to him personally. In the excepted counties all fees are turned into the county treasury, and the treasurer is given a fixed salary. But section 2858 applies to all counties, and in determining its intent all the counties of the state must be borne in mind.

Generally speaking we may assume that the tendency of treasurers throughout the state will be to reduce the amount to be paid out of their fees for deputies to a minimum in order that the balance coming to them may be as large as possible. The collection of taxes after they have become delinquent requires extraordinary efforts for their collection, by proceedings of various kinds outside of the county treasurer's office, such as proceedings by distress "by procuring a rule of court as provided by section 1097, of Revised Statutes; or by attachment and garnishee process, as described in section 1102, of the Revised Statutes; or by action as provided in section 1104, of the Revised Statutes" Hunter, Treas., v. Brock, 51 Ohio St., 327.

But it is often found that in view of the time, attention and labor, and the additional assistance which these extraordinary efforts impose upon the treasurer, the per cent. to which he is entitled for collection does not always act as a sufficient stimulus so as to produce the best results. To meet this contingency the law, as found in section 2858, was enacted. It empowers the commissioners to authorize the treasurer to employ collectors in addition to his regular deputies, when, in the opinion of the commissioners, such employment is deemed "necessary," and to pay such collectors, not out of the fees belonging to the treasurer, but "out of the county treasury."

Such collector, then, is employed by the treasurer, and assumes the discharge of duties which the law imposes upon the treasurer. His legal character must inevitably be that of an agent of the treasurer, and the treasurer is undoubtedly liable for his acts, including the embezzlement of any money which comes into his hands by virtue of his position as collector; and a protection to the treasurer is found in section 9, which enables him to compel this assistant collector to give bond for the faithful discharge of his duties.

Having determined that the collector is a deputy treasurer, the question remains to what extent may one treasurer contract for the employment of a deputy so that such contract shall be binding upon his successor. The answer is found in the language of section 9, which declares that "a deputy or clerk appointed in pursuance of law shall hold the appointment during the pleasure of the officer appointing him"; but an officer can have no legal or official "pleasure" after his term has expired, because with the expiration of his term of office he is functus officio and a private citizen. His appointments expire necessarily with the power which gave them life. Any other construction of the statute might find the office of county treasurer so embarrassed by numerous contracts of employment of collectors, for whose acts an incoming treasurer would be responsible, and from whom he would not have the right even to demand a bond, that no conservative or responsible man could be induced to accept the office. The only candidates would be the reckless and irresponsible. Any other construction therefore should be avoided as against a wise and prudent public policy.

Whether sec. 8, which declares that 'any person holding an office or public trust shall continue therein until his successor is elected or appointed or qualified," has any application to the deputies of the county treasurer, is a question that does not arise because the present treasurer desires to appoint a successor to the plaintiff,

and this appointment the plaintiff resists.

My conclusion, therefore, is that whatever the contract may have been between Mr. Roth and Mr. Brady, if the contract sought to bind the successor of Mr. Roth to continue the imployment of Mr. Brady, it was null and void; that when Mr. Brady entered into the contract with Mr. Roth he necessarily assumed the peril of his death, and whatever the hardships may be which result from the abrupt termination of his employment, it was a hardship which in contemplation of law he should have foreseen and provided against, and for which the law affords him no remedy.

At the hearing of the demurrer I expressed a doubt as to whether the allegations of the petition were not sufficiently broad to charge that the present treasurer, Mr. French, would not permit the examination of the delinquent duplicates by Mr. Brady for the purpose of making up his account of money earned under his contract up to the time of the death of Mr. Roth; but Mr. French, through the county solicitor, has disclaimed any intention of denying this right to Mr. Brady, and it is not claimed by his counsel that the petition seeks relief in that respect. If such relief is sought I think the petition should be amended to make it clear that there is any complaint in that respect. Until that amendment is made, I shall assume that no such complaint is intended to be made and express no opinion upon the question whether the remedy for it should be by mandamus or mandatory injunction.

For the reasons given the demurrer of county treasurer French is sustained.

Otway J. Cosgrave, Louis Reemelin for Plaintiff.

William Rendings, Frank F. Dinsmore, County Solicitor, for Defendant.